STATE OF NEW MEXICO
COUNTY OF SAN MIGUEL
FOURTH JUDICIAL DISTRICT COURT

ROBERT LLOYD TAFOYA, AS PERSONAL REPRESENTATIVE of the ESTATE
of LEONARD TRUJILLO, and
NICOLE TRUJILLO, individually,

    Plaintiff,

v.                                                                                 No. D-412-CV-2016-00272

PRESBYTERIAN HEALTHCARE                                  Aragon, Abigail
SERVICES, a New Mexico corporation, and
TOBORE KOKORICHA,

    Defendants.

## COMPLAINT FOR WRONGFUL DEATH FROM MEDICAL NEGLIGENCE

1.    Robert Lloyd Tafoya ("Lloyd") is the Personal Representative of the Estate of Leonard Trujillo ("Leonard") and has been or will be appointed to bring this claim under the New Mexico Wrongful Death Act. He is a resident of Rio Arriba County, New Mexico.

2.    Nicole Trujillo ("Nicole") is the adopted sister of Leonard, and she lives in Rio Arriba County, New Mexico. She had a close, interdependent relationship with Leonard.

3.    Defendant Presbyterian Healthcare Services ("Presbyterian") is a New Mexico corporation with its principal place of business in Bernalillo County, New Mexico. It owns and operates Española Hospital ("EH") in Rio Arriba County, New Mexico. It employs nurses to care for patients and contracts with physicians to provide inpatient "hospitalist" care to inpatients. At all times relevant herein, Presbyterian was operating hospitals and providing medical services throughout the State of New Mexico.

4. At all times relevant herein, Presbyterian acted by and through its agents, ostensible agents, and employee doctors, nurses and staff members who each acted in the course and scope of their duties as employees or agents of Presbyterian.

5. Tobore Kokoricha ("Kokoricha") held himself out as a hospitalist to provide care to inpatients like Leonard. At the time he treated Leonard, Presbyterian held Kokoricha out as its employee and the services provided by Kokoricha were accepted by Leonard with the reasonable belief they were the services of an actual employee of Presbyterian, and Kokoricha and Presbyterian should be estopped from denying that Kokoricha was an actual employee of Presbyterian when Kokoricha treated Leonard.

6. Leonard became a patient of Presbyterian and of Kokoricha at EH on January 11, 2014 for what was thought to be pneumonia.

7. Leonard died at EH on January 11, 2014.

8. This Court has venue for this matter and jurisdiction over the parties.

## COUNT I

9. Lloyd, as Personal Representative of Leonard's Estate, realleges all allegations.

10. During his treatment of Leonard, Kokoricha, among other things gave Leonard a medication that killed him and did not appropriately treat his sepsis. Kokoricha failed to possess and apply and use the knowledge, skill or care of a reasonably well-qualified similar health care provider in similar circumstances when he treated Leonard. Additionally, Kokoricha showed reckless disregard for the health and safety of Leonard

11. As legal results of Kokoricha's negligence and wrongful conduct, Leonard had great suffering and died, and he and his Estate sustained medical and burial expenses, lost earning capacity and lost the enjoyment of life. Alternatively, as legal results of Kokoricha's negligence and wrongful conduct, Leonard lost a measurable chance to avoid dying and sustaining the damages above.

WHEREFORE Lloyd as Personal Representative of Leonard's Estate, requests judgment against Kokoricha and Presbyterian for compensatory and punitive damages, for costs, pre- and post- judgment interest, and all other relief to which he is entitled.

## COUNT II

12. Lloyd, as Personal Representative of the Estate of Leonard, realleges all earlier paragraphs.

13. Defendant Presbyterian, by and through their employees, agents, ostensible agents or servants, working within their scope of employment and ostensible and actual agency, failed to exercise due care in their treatment and care of Leonard Trujillo.

14. Defendant Presbyterian by and through their employees, agents, ostensible agents or servants, working within their scope of employment and ostensible and actual agency, failed to possess and apply and use the knowledge, skill or care of reasonably well-qualified similar health care providers in similar circumstances when they treated Leonard. On information and belief, Presbyterian also failed to have adequate policies and procedures to prevent the negligent treatment of Leonard by their employees, agents, ostensible agents or servants, including but not limited to Kokoricha, working within their scope of employment and ostensible and actual agency. Additionally, on information and belief, Presbyterian credentialed Kokoricha when it knew or should have known that he was incompetent. By these omissions, Presbyterian failed to possess and apply the knowledge, skill or care of a reasonably well-qualified provider in similar circumstances.

15. As legal results of Presbyterian's negligence, Leonard died and suffered the injuries in paragraph 11. Alternatively, as legal results of Presbyterian's negligence Leonard lost a measurable chance to avoid dying and suffering the injuries in paragraph 11.

WHEREFORE, Lloyd, as Personal Representative of Leonard's Estate, requests judgment for compensatory and punitive damages against Presbyterian for costs, interest and all other relief to which he is entitled.

## COUNT III

### UNFAIR PRACTICES ACT VIOLATIONS

16. Plaintiffs incorporate all prior allegations as if set forth herein in full.

17. Defendant Presbyterian is a person within the meaning of NMSA 1978, §57-12-2(A).

18. On information and belief Defendant Presbyterian knowingly made false or misleading representations in connection with services, and within the course of their business, in violation of NMSA 1978, §57-12-1 et seq.

19. As a direct and proximate result of Defendant Presbyterian's violation of the New Mexico Unfair Practices Act, Plaintiffs suffered actual damages.

20. The false and misleading representations made by Defendant Presbyterian as alleged herein were undertaken willfully.

WHEREFORE Plaintiffs seek judgment against Presbyterian for actual damages, punitive damages as allowed by law, attorney's fees, costs, or in the alternative to actual damages, statutory damages.

## COUNT IV

21. Nicole, individually, realleges all earlier paragraphs.

22. Nicole and Leonard had a close, interdependent family relationship in which Leonard and she regarded themselves as brother and sister.

23. As legal results of the negligence of the Defendants and the employees of Presbyterian, causing Leonard's death, Nicole has lost the comfort, society and companionship of Leonard.

WHEREFORE, Nicole requests judgment against Defendants for compensatory damages, interest, costs and all other relief to which she is entitled.

## COUNT V

## PUNITIVE DAMAGES

24. Plaintiffs reallege all prior allegations and incorporate them herein as if set forth in full.

25. Defendants' actions were reckless, wanton, or willful requiring an award of punitive damages against the Defendant to deter such conduct in the future. Reckless, wanton or willful acts of Presbyterian employees or agents or ostensible or apparent employees were authorized, participated in or ratified by Presbyterian and cumulatively showed reckless disregard, wanton or willful acts by Presbyterian.

WHEREFORE, Plaintiffs request relief of this Court against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial, including loss of life, loss of consortium, past medical bills, funeral expenses, punitive damages and all other damages to which Plaintiffs are entitled under the Wrongful Death Act, or at common law.

2. For all costs incurred in the prosecution of this action, and interest as allowed by law.

3. For such other and additional relief as the Court may deem proper.

DAN SHAPIRO PC

By: "Electronically Filed"
/s/ Dan Shapiro, Attorney at Law
4215 Lead Ave. SE
Albuquerque, New Mexico 87108
(505) 268-7608

Criostoir O'Cleireachain
Carter & Valle Law Firm
8012 Pennsylvania Cr. NE
Albuquerque, NM 87110
(505) 888-4357

Maria Schmidt
2905 Rodeo Park Drive East Bldg. #2
Santa Fe, NM   87504-1813
(505) 982-5380

*Attorneys for Plaintiffs*