IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ROBERT LLOYD TAFOYA and NICOLE TRUJILLO, <br><br> Plaintiffs, <br><br> vs. <br><br> TOBORE KOKORICHA, <br><br> Defendant. | Case No: 17-CV-587-F |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

This matter is before the Court on Plaintiffs' motion to remand this case back to New Mexico state court. (Doc. 15). The Court has considered the motion, response, and reply, and is fully informed in the premises. For the following reasons, Plaintiffs' motion to remand is GRANTED.

### BACKGROUND

This dispute arises from the death of Leonard Trujillo. (*See* Doc. 1-2 [First Am. Compl.]). On January 11, 2014, Leonard became a patient of Presbyterian Healthcare Services ("Presbyterian"), a New Mexico corporation with its principal place of business in New Mexico, and was treated by Defendant Tobore Kokoricha. (*Id.* at 1, ¶ 3). Presbyterian "owns and operates Española Hospital ('EH')" in New Mexico. (*Id.*). EH "employs nurses to care for patients and contracts with physicians to provide inpatient 'hospitalist' care to inpatients." (*Id.*). At the time Leonard became a patient of

Presbyterian, Defendant was a physician providing hospitalist care through Presbyterian. (*Id.* at 2, ¶ 5).

On January 11, 2014, Leonard went to EH "for what was thought to be pneumonia." (*Id.* ¶ 6). However, Leonard died later that day at EH due to a medication provided to him by Defendant. (*Id.* ¶¶ 7, 10). Initially, Plaintiffs brought this wrongful death and medical malpractice action against Presbyterian and Defendant on June 1, 2016 in New Mexico state court. (*See* Doc. 1-1 [Compl.]). Plaintiffs then filed a First Amended Complaint on July 21, 2016. (*See* Doc. 1-2 [First Am. Compl.]). Thereafter, the state court granted the parties' joint motion to dismiss Presbyterian from this case on May 25, 2017. (*See* Doc. 1-14 [Order]). As such, the only remaining Defendant is Defendant Kokoricha. (*See id.* at 1). Also on May 25, 2017, Defendant filed a Notice of Removal in the United States District Court for the District of New Mexico. (*See* Doc. 1 [Notice of Removal]). In response, Plaintiffs filed this motion for remand on June 27, 2017. (*See* Doc. 15 [Mot. for Remand]).

## DISCUSSION

Plaintiffs argue remand is proper because this Court lacks subject matter jurisdiction. (*Id.* at 1). Specifically, Plaintiffs assert this Court lacks diversity jurisdiction because at the time Plaintiffs filed their initial complaint, Defendant was domiciled in New Mexico. (*Id.* at 5). Plaintiffs argue, "[g]iven Defendant Tobore Kokoricha's New Mexico residence at the time of filing, combined with his New Mexico business, medical practice, source of income and his New Mexico church and club affiliations; at the time the case was filed, Defendant Tobore Kokoricha was domiciled in Clovis, New Mexico."

(*Id.* at 8). In response, Defendant argues that when this action was filed, Defendant was domiciled in Texas and, therefore, complete diversity exists. (*See* Doc. 17 [Resp.] at 7, ¶ 14 ("For diversity of citizenship purposes . . . Dr. Kokoricha was diverse in citizenship from each Plaintiff on both June 1, 2016 and July 21, 2016 when Plaintiffs filed their Complaint and First Amended Complaint, respectively.")).

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, to remove a case from state court to federal court, federal question or diversity jurisdiction must exist. *See id.* Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whereas, under 28 U.S.C. § 1332,

> district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between—
>
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that *the district courts shall not have original jurisdiction* under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) (emphasis added). However, because federal courts are courts of limited jurisdiction, "there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1155 (D. N.M. 2015). Additionally, the United States Court of Appeals for the Tenth Circuit "has ruled that 'courts must deny such jurisdiction if not affirmatively apparent on the record.'" *Id.* (citation omitted). Therefore, "[a]ll doubts are to be resolved against removal." *Id.* (citation omitted).

Here, Plaintiffs—New Mexico residents—filed their Complaint and First Amended Complaint in New Mexico state court against Presbyterian—a New Mexico corporation—and Defendant on June 1, 2016 and July 21, 2016, respectively. (*See* Doc. 1-1 [Compl.]; Doc. 1-2 [First Am. Compl.]). In doing so, complete diversity did not exist because Presbyterian is a New Mexico corporation and Plaintiffs are residents of New Mexico. However, on May 25, 2017, New Mexico state court dismissed Presbyterian as a defendant from this case. (*See* Doc. 1-14 [Order]). Because Presbyterian is no longer a defendant, Defendant sought removal on diversity jurisdiction. (*See* Doc. 1 [Notice of Removal]). As such, there must be complete diversity and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a).

Based on the arguments presented, the Court finds the amount in controversy requirement is undisputed. (*See* Doc. 17 [Resp.] at 1–2, ¶¶ 3–4). In addition, the parties do not dispute that Defendant is a citizen of the United Kingdom, a foreign state, and is lawfully admitted for permanent residence in the United States pursuant to 28 U.S.C. §

1332(a)(2). Rather, the parties dispute whether Defendant was domiciled in New Mexico or Texas at the time Plaintiffs commenced this action.

According to the Tenth Circuit, "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). However, "'[d]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). Nevertheless, "a person's place of residence is prima facie evidence of his or her citizenship." *De La Rosa*, 113 F. Supp. 3d at 1151 (citation omitted). A person's domicile is therefore "defined as the place in which the party has a residence in fact and an intent to remain indefinitely, *as of the time of the filing of the lawsuit*." *Id.* (emphasis added) (citation omitted). However, once a person establishes domicile, the person may depart without necessarily changing his or her domicile. *Smith*, 445 F.3d at 1260. "To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Id.* (quoting *Crowley*, 710 F.2d at 678).

In their motion to remand this case back to state court, Plaintiffs allege that at the time of filing this lawsuit, Defendant's residence was in Colvis, New Mexico. (Doc. 15 [Mot. to Remand] at 1, ¶ 4). Plaintiffs also allege that at the time of filing, Defendant was licensed to practice medicine in New Mexico, owned and operated a medical business located in New Mexico, was a member of the New Mexico American College of Physicians Council, an advisor with Christian Believers Education Organization in New

5

Mexico, a member of the Rotary Club in New Mexico, and a board member for Life Choice Pregnancy in New Mexico. (*Id.* at 2–3, ¶¶ 5–6, 13–16). As such, Plaintiffs claim Defendant was domiciled in New Mexico when this action commenced. In response, Defendant argues that as of June 1, 2016, when Plaintiffs filed their initial complaint, Defendant had already done the following: "[a]cquired a residence and real property in Texas"; "[a]pplied for a license from the Texas Medical Board"; "[m]oved his family to Texas"; "[a]rranged for his family to reside in a Texas hotel until completion of construction of the home for which he contracted in August 2015, longer than nine months prior to the filing of Plaintiff's initial Complaint"; "[j]oined a Texas church with his family"; and "[a]ccepted an offer to sell his residence in Clovis, New Mexico." (Doc. 17 [Resp.] at 6–7, ¶ 28). Because of these facts, Defendant argues his domicile was in Texas, not New Mexico.

    From the facts alleged, it appears to the Court that there is no dispute that at the time Plaintiffs filed their initial complaint, Defendant intended to move from New Mexico to Texas. Rather, the issue is whether Defendant established a new residence in Texas to effectuate a change in domicile before this action commenced. Although Defendant asserts he executed a purchase agreement for a house in Texas on August 31, 2015, he does not indicate when closing occurred. (*See id.* at 3, ¶ 11). However, Defendant asserts that in early May of 2016, Defendant and his family emptied their New Mexico home, went on vacation to Washington, D.C., and then moved to Texas. (*Id.* at 3, ¶¶ 14–16). Specifically, Defendant claims his family stayed in Washington, D.C. from May 22, 2016 until May 29, 2016, and then moved to Texas, and stayed at a Dallas-area

hotel from June 5, 2016 until October 2, 2016, while waiting to take over the newly constructed home they purchased in August of 2015. (*Id.* ¶¶ 15–16). Notably, Defendant does not explain where his family resided between May 30, 2016 and June 4, 2016. Defendant also alleges that on February 3, 2016 he received an offer from a prospective buyer to purchase his New Mexico home, but closing did not occur until June 6, 2016. (*Id.* at 3–4, ¶¶ 14–17). Thus, the Court finds Defendant still owned real property in New Mexico when the initial complaint was filed. While Defendant owned real property in New Mexico, it is unclear whether Defendant owned real property in Texas as well, or established a residence in Texas at the time of filing. Without such clarity, the Court must deny jurisdiction because it is not affirmatively apparent on the record whether Defendant established a residence in a new domicile, namely Texas. *See De La Rosa*, 113 F. Supp. 3d at 1155; *Smith*, 445 F.3d at 1260. Moreover, because all doubt is to be resolved against removal, the Court finds Plaintiffs' motion to remand this case back to state court is GRANTED. *See De La Rosa*, 113 F. Supp. 3d at 1155.

### *Request for Attorney's Fees*

Finally, within Plaintiffs' motion to remand, Plaintiffs seek an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). (*See* Doc. 15 [Mot. to Remand] at 9). Section 1447(c) provides, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, an award of costs and attorney's fees are discretionary with this Court. Therefore, based on the facts in this case, the Court finds an award of costs and attorney's fees are not warranted.

## CONCLUSION

For the reasons stated above, the Court finds it lacks subject matter jurisdiction over this case and, as such, this case is remanded back to New Mexico state court. Additionally, the Court finds Plaintiffs are not entitled to costs and attorney's fees.

IT IS ORDERED Plaintiffs' Motion to Remand (Doc. 15) is GRANTED.

IT IS FINALLY ORDERED that this case is REMANDED back to state court.

Dated this __1st__ day of September, 2017.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE